**Armen ADAMYAN, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

**No. 04–71542.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 28, 2007.\*\*

Filed Oct. 2, 2007.

Armen Adamyan, Glendale, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Manuel A. Palau, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: T.G. NELSON, IKUTA, and N.R. SMITH, Circuit Judges.

MEMORANDUM \*\*\*

Armen Adamyan ("Adamyan") petitions for review of the Board of Immigration Appeals' ("BIA") decision upholding the

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Judge's ("IJ") denial of his claims for asylum, withholding of removal, and protection under the Convention Against Torture.

The BIA did not expressly adopt the IJ's decision, but rather reviewed the IJ's decision de novo. Therefore, our review is limited to the BIA's decision. *Malhi v. I.N.S.,* 336 F.3d 989, 992 (9th Cir.2003).

■ The BIA determined that the IJ's adverse credibility determination was not clearly erroneous in light of the inconsistency between Adamyan's description of his first beating by the military in April 1999 in his asylum application and in his testimony. This is a "specific, cogent reason" for the BIA's adverse credibility finding, which goes "to the heart of the asylum claim." *Malhi v. I.N.S.,* 336 F.3d 989, 992–93 (9th Cir.2003). The BIA's determination is supported by substantial evidence. The BIA also determined that the IJ was not clearly erroneous in finding that Adamyan failed to establish his identity, in light of his testimony that his passport was obtained fraudulently. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999). This second basis for an adverse credibility finding is also supported by substantial evidence. Because Adamyan has not shown that the evidence in the record compels a contrary conclusion, we must affirm the BIA's determination that Adamyan failed to carry his burden of proving that he met the criteria for a grant of asylum.

■ Because Adamyan's application for asylum failed for insufficiency of the evidence, his request for withholding of removal must likewise be rejected. *Pedro–Mateo v. I.N.S.,* 224 F.3d 1147, 1150 (9th Cir.2000) ("A failure to satisfy the lower standard of proof required to establish eligibility for asylum ... necessarily results in a failure to demonstrate eligibility for withholding of deportation."). Finally, Adamyan did not raise his Convention Against Torture claim in his brief on appeal, and we therefore deem it waived. *See Wilcox v. Commissioner,* 848 F.2d 1007, 1008 n. 2 (9th Cir.1988).

**Affirmed.**